LAW OFFICES OF WILLIAM B. HILDEBRAND L.L.C.
By: William B. Hildebrand, Esq.
1040 North Kings Highway
Suite 601
Cherry Hill, NJ 08034-1922
Attorney for Plaintiff
WH:4166

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

ARLINE TALIAFERRO,

    Plaintiff,

v.

TRUMP ENTERTAINMENT RESORTS, INC., TRUMP PLAZA ASSOCIATES, LLC, d/b/a TRUMP PLAZA HOTEL & CASINO, PLAN ADMINISTRATOR FOR TRUMP PLAZA HOTEL & CASINO GROUP MEDICAL PLAN, XYZ CORP. 1-10, individuals ABC 1-10 (all fictitious names and/or entities who should be identified through discovery),

    Defendant(s)

CIVIL ACTION

Docket No.: 1:12-cv-03883

---

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Arline Taliaferro, by way of Amended Complaint against Defendants Trump Entertainment Resorts, Inc., Trump Plaza Associates, LLC d/b/a Trump Plaza Hotel & Casino, Plan Administrator for Trump Plaza Hotel & Casino Group Medical Plan, XYZ CORP. 1-10 and individuals ABC 1-10 (all fictitious names and/or entities who should be identified through discovery), says:

## PARTIES

1. Plaintiff, Arline Taliaferro ("Plaintiff") is an adult individual who resides in Egg Harbor Township, NJ.

2. Defendant, Trump Entertainment Resorts, Inc., Trump Plaza Assoxciates, LLC d/b/a Trump Plaza Hotel & Casino (hereafter jointly referred to simply as "Trump Plaza"), owns and operates a hotel and casino located at 2500 Boardwalk, Atlantic City, NJ 08401.

3. Defendant, Plan Administrator for the Trump Plaza Hotel & Casino Group Medical Plan ("Plan Administrator") is the Plan Administrator for the ERISA Plan providing health & welfare benefits to Plaintiff at the time of the termination of her employment.

4. Defendants XYZ Corp. 1-10 and individuals ABC 1-10 are fictitious individuals and/or entities, currently unknown, who are likewise responsible for the damages and injuries asserted herein.

5. At all times relevant hereto, Defendants were acting through their respective agents, servants and employees, who were acting within the scope of their authority and during the course of their employment, under the direct control of Defendants.

## STATEMENT OF CLAIM

6. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-5 above, as fully as though the same were here set forth at length.

7. Plaintiff began working for Trump Plaza in 1989 as a Dealer. Plaintiff performed her job satisfactorily, and received regular raises.

8. In October, 2008, Plaintiff was injured at work when a chair on which she was

sitting broke. As a result of the accident, Plaintiff tore a ligament in her wrist and subsequently developed RSD in her right hand. She was absent from work on Worker's Compensation/Disability leave for approximately fifteen months. Her treating physician cleared her to return to work in March, 2010, with no restrictions (for about a month). Then, the Workers Compensation doctor wrote a note limiting her to deal two games only: Blackjack and Three-card Poker.

9. Defendants accepted her doctor's restrictions and accommodated her disability for approximately one year, until March 11, 2011. On that date, Barbara J. Hulsizer, Defendants' Director of Employee Relations/Diversity, wrote her a letter advising that they would no longer reasonably accommodate her restrictions. Specifically, Ms. Hulszier advised that as of a result of her restrictions, she would no longer be permitted to continue to perform her job as a Dealer. Although the letter states that Plaintiff was being "placed on reassignment," she was not reassigned to another position. Rather, Defendants' actions put her out of work, amounting to a constructive discharge. She was not permitted to return to her former position despite the fact that she was ready, willing and able (with reasonable accommodations) to do so.

10. On April 29, 2011 Ms. Hulsizer wrote Plaintiff a letter, inviting her to return to work on Friday, May 7, 2011. However, Ms. Hulsizer reiterated that Trump Plaza was not willing to accommodate her restrictions. Specifically, Ms. Hulsizer advised that upon her return, Plaintiff would "be required to deal all variations of Poker and Blackjack," contrary to her doctor's explicit instructions.

11. Since March, 2011, Trump Plaza has failed and refused to accommodate Plaintiff's disability, despite repeated demands to do so. As a result, Plaintiff has been unable to return to work, resulting in extensive economic and non-economic losses. Among other things, Plaintiff has lost the opportunity to work and pursue the job of her choice.

## FIRST COUNT

12. Plaintiff hereby repeats and incorporates by reference each and every allegation in paragraphs 1-11 above, as fully as though the same were here set forth at length.

13. The LAD protects individuals who suffer from physical disabilities or health conditions which interfere with the normal functions of everyday life. The LAD prohibits employers from discriminating against disabled individuals with respect to the terms and conditions of their employment. Specifically, employers may not discriminate against or otherwise deprive employees of employment opportunities unless they can demonstrate that the employee's disability prevents them from performing the essential functions of their job, with or without reasonable accommodation.

14. Before employers may deprive disabled individuals of employment opportunities, the LAD requires that they engage in an "interactive process" with the employee to determine whether their disability can be reasonably accommodated.

15. Plaintiff injured the ligaments and tendons in her right arm, hand and wrist and suffers from RSD. As a result of these conditions, she was unable to work for over a year. These conditions qualify as a "disability" within the meaning of the LAD. Therefore, Trump Plaza, as her employer, was required to reasonably accommodate this condition.

16. Defendants' unlawfully deprived Plaintiff of employment opportunities solely on account of her disability. Specifically, they deprived Plaintiff of the opportunity to continue working as a Dealer, on account of her disability, despite the fact that she had been successfully performing that job for almost a year. Defendants could have easily continued to accommodate her condition, but are inexplicably refusing to do so.

17. Defendants' actions, as described aforesaid, violate their duties and obligations under the LAD, subjecting them to liability for all economic and non-economic losses resulting therefrom.

18. As a result of Defendants' actions, as described aforesaid, Plaintiff has suffered humiliation, embarrassment, emotional distress, and other economic and non-economic damages.

WHEREFORE, Plaintiff, Arline Taliaferro, demands judgment against Defendants, for:

(a) such sums as will adequately compensate her for the damages that she sustained including but not limited to her loss of earnings and income;

(b) such sums as will adequately compensate her for the pain, suffering, humiliation, embarrassment and emotional distress that she suffered as result of Defendants actions, as described above, together with interest, costs of suit, and reasonable attorney's fees;

(c) reinstatement; and

(d) such further relief as this Court deems just and proper.

**SECOND COUNT**

19. Paragraphs 1-18 above are hereby incorporated by reference, as fully as though the same were here set forth at length.

20. Defendant, Plan Administrator is the Plan Administrator for the ERISA Plan providing Plaintiff with medical benefits at the time of the termination of her employment as a dealer at the Trump Plaza Hotel & Casino ("the Plan").

21. At all times material hereto, Trump Plaza was Plaintiff's employer, and the sponsor of the Plan.

22. As a benefit of her employment, Plaintiff was entitled to group health insurance coverage pursuant to the terms of the Plan. During the course of her employment with Trump Plaza, Plaintiff signed up for benefits, paid her portion of all applicable premiums, and otherwise fully complied with all requirements for becoming a participant and beneficiary under the Plan.

23. ERISA § 601, 29 U.S.C. § 1161 requires the plan sponsor for every group health plan to notify each qualified beneficiary of their right to elect continuation coverage under the plan in the event of a qualifying event such as the termination of the covered employee's employment.

24. Plaintiff's employment with Trump Plaza terminated in March, 2011. At the time of her termination, she was a participant in the Plan. Accordingly, she was entitled to notice of her right to elect continuation coverage within 44 days of the termination of her employment.

25. Defendants did not provide her with the required statutory notice.

26. ERISA Section 502(c)(1) imposes a penalty of up to $110.00 per day for each day (in excess of 30 days) that the required COBRA notice is late.

27. Defendants' failure and refusal to provide Plaintiff with the required COBRA notice subjects them to penalties under ERISA Section 502(c)(1).

WHEREFORE, Plaintiff, Arline Taliaferro, demands judgment in her favor and against Defendants for:

(a) Statutory penalties under ERISA Section 502(c)(1);

(b) Attorney's fees, costs of suit and interest; and

(c) Such further relief as this Court deems appropriate.

## JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues and claims so triable.

Dated: 6/27/12

William B. Hildebrand